```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| SHAWN L. TANNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION |
| v. | ) NO. 14-11219-WGY |
| | ) |
| KELLY A. RYAN, | ) |
| | ) |
| Respondent. | ) |

YOUNG, D.J.                                        May 13, 2014

## MEMORANDUM

On May 5, 2014, this Court dismissed this state habeas action on the grounds that it was untimely pursuant to 28 U.S.C. § 2244(d)(1)(A). See Elec. Order, May 5, 2014, ECF No. 15. This memorandum briefly explains the Court's reasoning.

**I.    BACKGROUND**

On September 15, 1989, Shawn L. Tanner ("Tanner") was convicted of first degree murder in the Superior Court by and for the County of Bristol. Pet. Under 28 U.S.C. § 2254 Writ Habeas Corpus Person State Custody ("Pet.") 1, ECF No. 1. He was sentenced to a term of life in prison without parole. Id. On February 7, 1994, the Massachusetts Supreme Judicial Court ("Supreme Judicial Court") upheld his conviction. Commonwealth v. Tanner, 417 Mass. 1 (1994). Seventeen-and-a-half years later, on November 25, 2011, Tanner filed a motion for a new

1

trial, which was denied by the Superior Court without a hearing on December 5, 2012, and then by the Supreme Judicial Court on March 29, 2013. See Pet. 4-5; Mem. Law. Supp. Resp't's Mot. Dismiss Tanner's Pet. Writ Habeas Corpus ("Resp't's Mem.") 2, ECF No. 12. Tanner filed this habeas petition on March 21, 2014. Pet. 1.

II. **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), establishes a "1-year period of limitation [which] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period starts running at the latest of four events, one of which is relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A).

When, as here, the petitioner's conviction becomes final before AEDPA was enacted, the petitioner had until April 24, 1997, to file his petition. See Cordle v. Guarino, 428 F.3d 46, 48 (1st Cir. 2005). Tanner filed his petition in 2014, nearly seventeen years too late.

Tanner, however, argues that the relevant state judgment was not his direct appeal, but rather the Supreme Judicial Court's denial of his motion for a new trial under Massachusetts

2

Rule of Criminal Procedure ("Rule") 30(b).[1]  This argument fails. Under Rule 30, a motion for a new trial is a form of collateral review.  See, e.g., Commonwealth v. Bray, 407 Mass. 296, 298 (1990); Commonwealth v. Arnaut, 78 Mass. App. Ct. 906, 907 (2011).  AEDPA is clear that direct review, not collateral review, triggers the one-year clock.  See 28 U.S.C. § 2244(d)(1)(A).

Moreover, Tanner's proposed reading is inconsistent with the structure of the statute.  AEDPA does recognize a role for collateral review in determining the proper limitation period, by providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  Id. § 2244(d)(2).  By explicitly stating that collateral review tolls the one-year period, the statute necessarily implies that collateral review does not reset the clock.  Otherwise, the tolling provision would be rendered meaningless.  Accordingly, the First Circuit has held that state motions for collateral review filed after the expiration of the

---

[1] Rule 30(b) states: "The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done.  Upon the motion the trial judge shall make such findings of fact as are necessary to resolve the defendant's allegation of error of law."  Mass. R. Crim. P. 30(b).

3

AEDPA limitations periods established in section 2244(d)(1) do not provide a basis for federal habeas review.  See Cordle, 428 F.3d at 48 n.4 ("Because [petitioner]'s motion for a new trial was filed well after her AEDPA's limitations period had expired, it did not stop or reset the clock and does not help [her] on this appeal.").  Here, Tanner filed his motion for a new trial in 2011, long after the AEDPA limitations period had expired in 1997.  His motion is thus untimely.

On that basis, and because there were no "extraordinary circumstances" justifying equitable tolling, Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001), this Court DISMISSED Tanner's habeas petition.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE